**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN COGLE,<br><br>                Plaintiff,<br><br>        vs.<br><br>THE WALT DISNEY COMPANY,<br><br>        Defendant. | 22 CV. _____ (_____)<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL**<br>**DEMANDED** |

Plaintiff, STEVEN COGLE ("Plaintiff or Artist"), by his attorneys, Taylor Louis, LLP, complaining of the Defendant, The Walt Disney Company ("Defendant or Disney"), herein, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.      This action seeks to recover, *inter alia,* money damages arising out of Defendant's violation of Plaintiff's exclusive copyright in works of fine art titled *Basketball and Paparazzi* (collectively, the "Original Works"), which were created by Plaintiff, the African American artist, Steven Cogle (copies of the 18 November 2019 Certificates of Registration for each work are attached hereto as Exhibit A).  The use of the Original Works by Defendant as artwork featured in the Fox Network series titled *The Resident* is a violation of federal copyright law and the use of the Original Works is an affront to Artist, his livelihood, and his brand. In the absence of the actual written consent of Artist, and without his actual knowledge, Defendant infringed upon his rights by using the Original Works or reproductions of them as background artwork in at least two episodes of the Fox Network series titled *The Resident* (the "Infringing Episodes"). On the next page is an image of one of the Original Works infringed upon by Defendant, Artist's painting titled *Basketball.*  At the top of the following page is an image of the second of the Original Works infringed upon by Defendant, Artist's painting titled *Paparazzi.*



*BASKETBALL BY STEVEN COGLE*



*PAPARAZZI BY STEVEN COGLE*

During the relevant period Disney also received through an unauthorized third-party, another original work by Artist entitled "Redface," and giclee prints of Artist's work "Paparazzi" and another work entitled "3 Generations." The original work "Redface" nor the giclee prints have been returned to Artist.  At the top of the following page are images of "Redface" and "3 Generations."






*REDFACE BY STEVEN COGLE*                    *3 GENERATIONS BY STEVEN COGLE*

The use of Artist's Original Works or any reproduction of them constitutes willful infringement by Defendant because Disney did not secure the expressed written consent of Artist before using the Original Works or reproductions of them as background artwork for the Infringing Episodes. Instead, Disney relied upon the misrepresentations of third parties who posed as agents of Artist. Artist had not expressly authorized any person or entity to act as an agent for Artist for the purpose of entering into any licensing agreement with Disney for use of the Original Works, nor had Artist granted any license, limited or otherwise, to any person or entity, for the use of the Original Works, or any reproductions of the Original Works. Consequently, and as more fully set forth below, the Artist seeks damages and equitable relief for direct, contributory and vicarious copyright infringement, arising from the unlawful use of the Original Works or reproductions of the Original Works in violation of the United States Copyright Act, 17 U.S.C. § 101 et seq. (the "Copyright Act").

## JURISDICTION

2.       This action is brought pursuant to 17 U.S.C. § 501(copyright infringement), 28 U.S.C. §§1331 (federal question jurisdiction) and 1338(a) (acts of Congress relating to copyrights).

3.       Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28

4

U.S.C. § 1367, over any, and all, State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4.    Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) because Defendant resides in this district and is subject to the Court's personal jurisdiction, and 28 U.S.C. § 1400 (a).

## PARTIES

5.    Plaintiff, STEVEN COGLE, is a resident of the County of Los Angeles, City of Los Angeles, State of California.

6.    Plaintiff, STEVEN COGLE, is an artist/creator of original works of fine art and a United States citizen of African descent.

7.    At all times relevant herein, Defendant THE WALT DISNEY COMPANY, was, and still is, a DELAWARE corporation, with corporate headquarters located at 500 South Buena Vista Street, Burbank, California 91521, doing business in the State of New York, with offices located at 77 West 66 Street, New York, New York 10023.

8.    At all times relevant herein, the managers, supervisors and employees of DISNEY involved in producing and distributing the Infringing Episodes were acting within the scope of their duties and functions as agents, servants and employees of Defendant Disney, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for, and on behalf of, Defendant DISNEY at all times relevant herein, with the power and authority vested in them as agents, servants and employees of Defendant DISNEY and incidental to the lawful pursuit of their duties as employees, servants and agents of Defendant DISNEY.  At all times relevant herein, the managers, supervisors and employees of DISNEY involved in producing and distributing the Infringing Episodes were discharging their responsibilities for the benefit of DISNEY.

## STATEMENT OF FACTS

9.      Plaintiff STEVEN COGLE is a neo-expressionism artist who engages in producing works of fine

art on canvas, using acrylic and oil stick. The Artist has described his work as "tribal Africa crossed with urban

blight."  His works of fine art have been compared to those of well-renowned artist, and fellow Brooklyn native,

Jean-Michel Basquiat.  However, like many other African American creators of fine art, the Artist's works have

been overlooked by the mainstream fine art community.  His works have been purchased by well-known

celebrities such as actor, Michael B. Jordan and comedian/actor, Chris Rock.

12.     On or about 2 July 2019 Plaintiff STEVEN COGLE received an email inquiry from

Consuela Schofield-Morrison, who indicated that a mutual friend had told her about his work as an artist.  Mrs.

Schofield-Morrison's email stated that she was the principal of a production company called Reel Girls Films,

located in Georgia.  According to the email, the production company was seeking artist for a TV show

production entitled *The Resident*. The email made specific reference to Malcolm Jamal Warner as one of the

actors featured on the show.  The Infringing Episodes at issue here are from the same show known as *The

Resident* produced by the 20th Television subdivision of Disney Television Studios, which is in turn part of one

of the organizational groupings within Disney known as Disney General Entertainment Content. Indeed, the

Disney produced show features actor, Malcolm Jamal Warner, as well as actor, Morris Chestnut.

13.     Daphne Hayes (a/k/a Daphne Pittman Hayes) was later identified as the business partner

of Mrs. Schofield-Morrison. Ms. Hayes became the point person for Reel Girls Films with Artist. Disney by

way of a 14 November 2019 letter from Scott Whiteleather, Vice President Intellectual Property at Twentieth

Century Fox Television, confirmed that no direct communication was ever had with Plaintiff STEVEN COGLE

(a copy of the 14 November 2019 letter is attached hereto as Exhibit B). The letter clearly identifies Ms. Hayes

as an agent hired by 20th Century Fox Television to provide services as an interim art buyer for the Fox TV

show *The Resident*. Most notably, the communication from Mr. Whiteleather identifies a man by the name of

Muneer Pittman (apparently the brother or other relative of Daphne Pittman Hayes), who represented himself,

through Ms. Hayes, as the agent for Artist STEVEN COGLE. Mr. Pittman was not known to Plaintiff then and

is not now known to Plaintiff now.  Mr. Whiteleather provided copies of invoices and correspondence to support the position taken on behalf of Disney—not one of the documents reflects any confirmation of any communication between Artist STEVEN COGLE and anyone at Disney (see attached Exhibit B).  Moreover, there is no copy of any signed document evidencing an agency agreement between Plaintiff STEVEN COGLE and Mr. Pittman, which Disney certainly should have had in its possession before authorizing any payment to Mr. Pittman for use of the Original Works or their reproductions—and before accepting his signature on any document purporting to grant permission to Disney for the use of the Original Works or their reproductions on behalf of Artist STEVEN COGLE.  Plaintiff did not seek out Ms. Hayes or Mrs. Schofield-Morrison, or their company, Reel Girls Films, to represent his interests as an artist. Instead, they sought him out based upon a request from the producers of *The Resident* to find artwork for the show. Furthermore, Artist STEVEN COGLE never engaged Muneer Pittman to act on his behalf as an agent authorized to enter into licensing agreements for his works, or to accept compensation on his behalf for any such licensing agreements.  Artist STEVEN COGLE never received any compensation from Disney or Mr. Pitman for the use of the Original Works or their reproductions for the Infringing Episodes, nor did he sign any document waiving his rights to any compensation.

14.     The Infringing Episodes aired as Episodes 1 and 2 of Season 3 of *The Resident,* entitled "From the Ashes" and "Flesh of My Flesh," respectively.   The Infringing Episodes were first aired in September and October 2019. The Infringing Episodes continue to air on one of Disney's streaming platforms, HULU.

<u>**FIRST CAUSE OF ACTION**</u>
<u>**Declaratory Relief**</u>

15.     Plaintiff STEVEN COGLE repeats, reiterates and realleges each, and every, allegation contained in paragraphs marked 1 through 14 with the same force and effect as if more fully set forth at length herein.

16.   Plaintiff requests injunctive relief enjoining the Defendant from directly or indirectly infringing

7

Plaintiff's rights under federal or state law in his copyrighted property, whether now in existence or later created, that is owned or controlled by Plaintiff, except pursuant to a lawful license or with the express authority of Plaintiff.

17.   Plaintiff has been and will continue to be damaged by Defendant's continuing acts of infringement, including, but not limited to, lost revenues and profits and continuing loss of value of her copyright interests.  The damages that Plaintiff has suffered and continues to suffer from this infringement are irreparable.  Plaintiff has no adequate remedy at law, and such conduct will continue to cause irreparable harm unless restrained by this Court by the issuance of a preliminary injunction.

18.   Plaintiff is informed and believes that without injunctive relief by this Court, Defendant will continue to infringe Plaintiff's rights.  Plaintiff therefore requests that after trial, this Court issue a permanent injunction, restraining and enjoining Defendant and its agents, employees, attorneys, representatives, and anyone acting at its direction or on its behalf from copying, reproducing, distributing, or displaying, without the express consent of the Plaintiff, the copyrightable works featured in the Infringing Episodes.

## SECOND CAUSE OF ACTION
### Copyright Infringement

19.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20.   The Original Works, including any reproductions of them, constitute the copyrightable property with Plaintiff possessing all the exclusive rights to them as protected by the federal Copyright Act, 17 U.S.C. § 101, et seq.

21.   Plaintiff is the sole and exclusive owner of all the exclusive rights to reproduce the Original Works, prepare derivative property, and to display the Original Work publicly.

22.   Defendant has access to the Original Works and/or reproductions of the Original Works and Defendant gained such access by obtaining the Original Works or actual copies of the Original Works directly or indirectly through Daphne Pittman Hayes, who received the Original Works directly from Plaintiff, without

8

authority or permission or license from Plaintiff to enter into any agreement with Defendant to use the Original Works or any reproductions of the Original Works in the Infringing Episodes.

23.    The Infringing Episodes have been produced and distributed by Defendant featuring the Original Works or reproductions of the Original Works on Defendant's Fox Network television stations, and now through the streaming platform, HULU, controlled by Defendant.

24.    Defendant intends to continue distributing the Infringing Episodes featuring the Original Works or reproductions of the Original Works without Plaintiff's license, authority or consent.

25.    Plaintiff believes, and on this basis alleges, that Defendant acquired the Original Works or copied the Original Works prior to the production and distribution of the Infringing Episodes.  Defendant then used the original works and/or copies of the Original Works to create the Infringing Episodes.

26.    Defendant has distributed and intends to continue to distribute the copyrighted Original Works in the form of the Infringing Episodes to the public and has already displayed the Infringing Episodes publicly without Plaintiff's license, authority, or consent.

27.    By engaging in the above-described conduct, Defendant has committed and continues to commit copyright infringement under the federal Copyright Act, 17 U.S.C. § 101, et seq.

28.    Defendant's use of the Original Works and copying of the Original Works without Plaintiff's license, authority or consent is a willful and conscious disregard of Plaintiff's rights under the federal Copyright Act.

29.    As a direct and proximate result of said infringement by Defendant, Plaintiff has been damaged and continues to be damaged in an amount to be determined at trial.  Plaintiff is also entitled, under 17 U.S.C. § 504(a), to statutory damages to the extent they exceed Plaintiff's actual damages, for each of Defendant's acts of infringement.

30.    Defendant's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

31.    As a direct and proximate result of Defendant's infringement of Plaintiff's copyright interests,

Defendant has received and continues to receive profits attributable to its infringement. The amount of these profits will be determined at the time of trial.

32.     As a direct and proximate result of Defendant's willful infringement of Plaintiff's copyright interest, Plaintiff is entitled to recover his attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

### THIRD CAUSE OF ACTION
### Contributory Copyright Infringement

33.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34.     Defendant is liable for contributory infringement in that it knew or should have known of the infringing activity alleged herein, and knowingly induced, caused and/or materially contributed to the infringing acts alleged herein, by aiding in the creation, development and/or exploitation of the Infringing Episodes.

35.     The acts and conduct of the Defendant, as alleged herein, constitute contributory copyright infringement.

### FOURTH CAUSE OF ACTION
### Vicarious Copyright Infringement

36.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37.     Defendant had the right, authority, and the ability to control or supervise the actions, failures, and omissions alleged herein that violated Plaintiff's copyrights in the Original Works.

38.     Defendant obtained a different financial benefit, interest, advantage, and/or economic consideration from the direct infringement alleged of Defendant herein.

39.     The acts and conduct of Defendant, alleged herein, constitute vicarious copyright infringement.

### JURY DEMAND

Plaintiff hereby demands trial by jury of all issues properly triable thereby.

10

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)  Declare the Defendant to have infringed Plaintiff's copyrighted property;

(b)  Pursuant to 17 U.S.C. § 502, preliminarily and permanently enjoin Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with them, from infringing Plaintiff's copyrighted property in any manner, and from producing or distributing any works featuring the copyrighted property;

(c)  Enter judgment against the Defendant in an amount equal to actual damages as determined by the Court; or

(d)  Enter judgment against Defendant, and order Defendant to turn over all contracts executed, pay statutory damages, including treble damages for willful infringement;

(e)  Enter judgment against Defendant and order that Plaintiff be awarded the Costs and expenses of bringing and prosecuting this action, including reasonable attorneys' fees; and

(f)  That Plaintiff have such other and further relief as this Court shall deem just and proper.

Dated: October 28, 2022
       New York, New York

/s/ Brian K. Robinson
BRIAN K. ROBINSON, ESQ. (BR 9535)
TAYLOR LOUIS, LLP
Plaintiff's Attorneys
90 Broad Street, Suite 300
New York, New York 10004